2024 IL App (1st) 240311-U

FOURTH DIVISION
Order filed: April 18, 2024

No. 1-24-0311B

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 23 CR 0780101 |
| | ) | |
| CORNELIUS BYRD, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Michael B. McHale, |
| | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Martin and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We vacated a detention order by reason of  the trial court's failure to conduct a hearing in compliance with the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023), and remanded the matter to the circuit court with directions to conduct a detention hearing in compliance with the requirements of the Act.

¶ 2    The defendant, Cornelius Byrd, appeals from the circuit court's order of January 22, 2024,

denying him pretrial release pursuant to Public Act 101-652, §10-255 (eff. Jan. 1, 2023),

commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) . For the reasons which follow, we vacate the trial court's order of January 22, 2014, and remand this matter to the circuit court with instructions to hold a detention hearing in compliance with the provisions of the Act and enter an order containing the required findings.

¶ 3    The defendant was arrested on June 23, 2023. On January 22, 2024, the defendant filed a petition for pretrial release pursuant to 725 ILCS 5/110-6.1 (West 2023 supp), and the State filed a verified Petition for Pretrial Detention Hearing. A pretrial detention hearing was held on January 22, 2024. At the time of that hearing, the defendant was charged with three counts of attempt murder, one count of aggravated battery, and one count of aggravated discharge of a firearm.

¶ 4    It appears from the defendant's petition that there was a prior hearing on September 12, 2023, following which he was denied bond. That hearing was held prior to the supreme court having vacated its December 31, 2022, stay of the pretrial release provisions in Public Acts 101-652 and 102-1104. See *People ex rel. Berlin v. Pritzker*, No. 129249 (Ill. Dec. 31, 2022) (supervisory order). The supreme court lifted its stay effective on September 18, 2023, and directed the circuit courts to conduct hearings consistent with Public Acts 101-652 and 102-1104. *Rowe v. Raoul,* 2023 IL 129248, ¶ 52. We have not been provided with a report of proceedings for the September 12, 2023, hearing at which the defendant was denied bail.

¶ 5    At the beginning of the January 22, 2024, detention hearing, the judge stated: "Rather than hear a proffer from the State, I do have notes so I think I will just summarize what I was told before

---

[1] The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, and neither appears in the Illinois Compiled Statures or the public act.

.and please correct me if I'm wrong on anything stated and of course the defense will have a chance to respond." Following that statement, the judge recited his recollection of the facts leading to the defendant's arrest. Following that recitation, the judge asked the assistant State's Attorney if he wished to add anything else, and he responded: "No." After that exchange, the judge articulated facts in mitigation which he recalled and asked the defense counsel if she wished to add anything. Defense counsel then made a proffer in mitigation.

¶ 6        .Following the defense proffer, the court entered an order, finding that the State has shown by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed an eligible offense as listed in 725 ILCS 5/110-6.1(a)(1)-(7) (West 2023 supp); namely, attempt murder. The court also found that the State has shown by clear and convincing evidence that the defendant poses a real and present threat to the safety of any person or persons or the community. As factual support for the conclusion, the court wrote that the defendant had shot the victim who was unarmed. Finally, the court found that the State has shown by clear and convincing evidence that no conditions or combination of conditions can mitigate the real and present threat to the safety of a person or persons or the community posed by the defendant. The trial court ordered the defendant detained, and this appeal followed.

¶ 7        In his notice of appeal, the defendant argued that the State failed to meet its burden of proving by clear and convincing evidence that: 1) the defendant poses a real and present threat to the safety of any person or persons or the community; 2) no conditions or combination of conditions can mitigate the real and present threat to the safety of a person or persons or the community or his willful flight; and 3) no condition or combination of conditions would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. As to the first argument, the defendant contends that

the State did not provide information of an ongoing threat to the victim. As to the second argument, the defendant contends that the court did not discuss or consider, and it was not shown, that other conditions could not mitigate the threat. Finally, the defendant argued that the detention order in this case fails to articulate the less restrictive conditions considered by the court and "the reasons why they were discarded." The defendant requested pretrial release, or in the alternative, release from custody with appropriate conditions or a new hearing.

¶ 8    Pretrial release is governed by article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2023 supp)). Under that statute, a defendant's pretrial release may only be denied in certain limited situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2023 supp). Upon the filing of a verified petition by the State requesting an order denying the defendant's pretrial release, the circuit court is required to hold a hearing. 725 ILCS 5/110-6.1(a) (West 2023 supp). At that hearing, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense; and that the defendant's pretrial release poses a real and present threat to the safety of any person or the community. 725 ILCS 5/110-6.1(e) (West 2023 supp). It is also the State's burden to prove by clear and convincing evidence that no condition or combination of conditions of release would mitigate the real and present threat posed by the defendant. *Id.* The State may meet its burdens by presenting evidence by way of proffer based on reliable information. 725 ILCS 5/110-6.1(f)(2) (West 2023 supp).

¶ 9    In this case, the judge preempted a proffer by the State and instead relied upon his own memory of facts he had heard before, presumptively from the defendant's September 12, 2023, bond hearing. The procedure employed by the court in this case did not satisfy the hearing requirements of the Act. The court, through no fault of the State, dispensed with the State's

obligation to meet its burdens of proof based on reliable information. As a consequence, we vacate the circuit court's order of January 22, 2024, and remand this matter with instructions to conduct a detention hearing on the State's verified petition in accordance with the requirements of the Act and to enter an order with findings based upon the evidence and proffers presented at that hearing.

¶ 10    This should order should not be interpreted as requiring the State to repeat the evidentiary proffer it made at a defendant's original detention hearing at each subsequent hearing where the court is required to find that the defendant's continued detention is necessary. See 725 ILCS 5/110-6.1(i-5) (West 2023 supp). Absent some change in circumstances or additional evidence by the defense, the State can stand on, and the court can rely on, the evidence presented by the State at the defendant's original detention hearing to justify continued detention.

¶ 11    Vacated and remanded with instructions.